## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ASMAA ELHAYBOUBI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ALEJANDRO MAYORKAS, Secretary,** | ) | **Case No. 19 C 7659** |
| **Department of Homeland Security;** | ) | |
| **KEVIN RIDDLE, U.S. Citizenship** | ) | |
| **and Immigration Services** | ) | |
| **Chicago Field Office Director[1],** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Asmaa Elhayboubi, a native and citizen of Morocco, filed suit after her application to adjust status was denied. The defendants, Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security and Kevin Riddle, Director for the U.S. Citizenship and Immigration Services (USCIS) Chicago Field Office, have moved to dismiss Elhayboubi's amended complaint for lack of subject matter jurisdiction. For the reasons set forth below, the Court grants the defendants' motion.

### Background

Under the Immigration and Nationality Act, qualified individuals may apply to adjust their status to become lawful permanent residents. *See* 8 U.S.C. § 1255;

---

[1] Mayorkas and Riddle, as the successors to, respectively, Chad F. Wolf and Michael Klinger, are substituted as defendants in this case. *See* Fed. R. Civ. P. 25(d).

*Congregation of the Passion v. Johnson*, 79 F. Supp. 3d 855, 857 (N.D. Ill. 2015). Elhayboubi has applied to adjust status twice, using USCIS Form I-485. She submitted her first application in 1998. Under 8 U.S.C. § 1255(i), Elhayboubi filed for adjustment of status as the spouse of her then husband, Mohamad Amine Chehade. This application was denied in 2016. *See* Am. Compl., Ex. 3 (dkt. no 11-3) at 1.

Elhayboubi submitted her second application in 2016 after her daughter, Ayah Chehade, filed a petition for alien relative on her behalf using USCIS Form I-130. This time, Elhayboubi's I-485 application was filed under 8 U.S.C. § 1255(a), which is the "primary adjustment of status mechanism" in the INA. *Congregation of the Passion*, 79 F. Supp. 3d at 857. USCIS interviewed both Elhayboubi and her daughter in 2017. The agency approved the daughter's I-130 petition sometime after the interview, but Elhayboubi's I-485 application remained pending for almost two years.

In 2019, USCIS issued a Notice of Intent to Deny (NOID) Elhayboubi's second I-485 application. In the NOID, USCIS explained that it would deny Elhayboubi's application—as a matter of discretion—because it believed she had been employed in the United States without authorization. Elhayboubi responded to the NOID and provided documentation to support her arguments for adjustment of status. She also referenced her first I-485 application and noted that even if she was not eligible for adjustment of status under section 1255(a), USCIS should consider her eligibility under § 1255(i), the basis for her first application. In early 2020, USCIS issued a final decision denying Elhayboubi's second I-485 application as a matter of discretion. To support the denial, USCIS cited Elhayboubi's employment "across a period of more than a decade" while in a non-immigrant status. Though USCIS's decision made reference to

Elhayboubi's 1998 I-485 application, it did not reconsider her eligibility under section 1255(i).

After receiving the NOID on the second application, but before USCIS issued its final decision, Elhayboubi filed a petition for writ of mandamus, asking this Court to compel USCIS to issue its final decision on the application. After USCIS issued its decision, Elhayboubi sought and received permission to file an amended complaint. Now, she alleges that the decision to deny her second adjustment was "arbitrary and capricious" as it "depart[ed] from established USCIS policy and case law on the exercise of discretion." Am. Compl. ¶ 23. Elhayboubi also alleges that the agency erred by failing to alternatively consider her eligibility for adjustment of status under section 1255(i).

## Discussion

Federal Rule of Civil Procedure 12(b)(1) permits the dismissal of complaints over which the court may not exercise subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). In evaluating a motion under Rule 12(b)(1), the court must first determine whether the defendants raise a factual or facial challenge to subject matter jurisdiction. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Here, the defendants claim that dismissal is warranted because the amended complaint does not sufficiently allege a basis for subject matter jurisdiction. They therefore raise a facial challenge. *See id.* ("[A] facial challenge argues that the plaintiff has not sufficiently '*alleged* a basis of subject matter jurisdiction.'"). Courts adjudicating facial challenges to subject matter jurisdiction "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Id.* When a party moves for dismissal

3

under Rule 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction. *See Kontos v. U.S. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

**A.    Claim for relief under the INA**

Elhayboubi asks the Court to review the denial of her most recent I-485 application.  But two statutory provisions preclude judicial review of USCIS's decision. First, courts do not have jurisdiction to review any judgment regarding the granting of adjustment of status under section 1255.  8 U.S.C. § 1252(a)(2)(B)(i); *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017); *Ogbolumani v. U.S. Citizenship & Immigration Servs.*, 523 F. Supp. 2d 864, 871 (N.D. Ill. 2007).  Second, courts lack jurisdiction to review "any other decision or action of . . . the Secretary of Homeland Security," except for the granting of asylum under 8 U.S.C. § 1158(a), if the authority for the Secretary's decision is specified by the statute to be a matter of the Secretary's discretion.  8 U.S.C. § 1252(a)(2)(B)(ii); *see Ogbolumani*, 523 F. Supp. 2d at 871; *see also Bultasa Buddhist Temple of Chicago*, 878 F.3d at 573.

Elhayboubi's claim centers around USCIS's denial of her application for adjustment of status under section 1255.  The granting of an I-485 under section 1255 is in the discretion of USCIS.  *See Ogbolumani*, 523 F. Supp. 2d at 871; *see also* 8 C.F.R. § 245.2.  Because Elhayboubi requests that the Court review USCIS's decision to grant her application for legal permanent resident status—a power the Court does not have—her claim is outside the jurisdiction of the Court, as it is barred by sections 1252(a)(2)(B)(i) and (ii).  *See Kamal v. Gonzales*, 547 F. Supp. 2d 869, 873 (N.D. Ill. 2008) ("We agree that we neither have the power to adjust a petitioner's legal permanent resident status, nor to review decisions where the USCIS has denied or

granted a petitioner's application for such status.").

Though Elhayboubi recognizes that sections 1252(a)(2)(B)(i) and (ii) would generally bar review of her claim, she argues that her case overcomes these barriers because USCIS did not consider her statutory eligibility for adjustment of status under section 1255(i).  Even though she filed her second application under section 1255(a), Elhayboubi contends that USCIS should have considered her eligibility for adjustment of status under section 1255(i) because she raised that point in her response to the NOID.[2]  She argues that this is a legal question as opposed to a straightforward review of USCIS's decision.  This argument is unpersuasive for a few reasons.

First, it's not clear why alleging that USCIS failed to consider Elhayboubi's statutory eligibility would get her claim past section 1255(a)(2)(B) and confer jurisdiction upon the Court.  Section 1252(a)(2)(B)(i) bars review of "any judgment," including judgments made under section 1255.  8 U.S.C. § 1252(a)(2)(B)(i); *see also Sokolov v. Gonzales*, 442 F.3d 566, 569 (7th Cir. 2006) (describing section 1252(a)(2)(B)(i) as a "door-closing statute" which precludes judicial review of discretionary decisions to deny relief under section 1255).  Because section 1255(i) is obviously a part of section 1255, the door remains shut whether Elhayboubi challenges her eligibility under section 1255(a) or 1255(i).  And section 1252(a)(2)(B)(ii) would bar her claim as well because the granting of an application for adjustment of status under section 1255 is committed

---

[2] Elhayboubi goes further in her response to the defendant's motion to dismiss.  She argues that her 1998 I-485 application (filed under section 1255(i))) "grandfathered" or preserved her claim to eligibility under section 1255(i).  The defendants argue that Elhayboubi's contention fundamentally misunderstands how grandfathering works.  Because the Court would still lack jurisdiction even assuming Elhayboubi properly preserved her earlier section 1255(i) eligibility, the Court does not address this argument.

to the discretion of the Secretary, *see Ogbolumani*, 523 F. Supp. 2d at 871, and by him to USCIS, *see* 8 C.F.R. § 245.2. *See also Kamal*, 547 F. Supp. 2d at 873; *De Tommaso v. Napolitano*, 396 F. App'x 318, 321–22 (7th Cir. 2010) ("We lack jurisdiction to review discretionary decisions regarding an alien's ability to seek adjustment of status under § 245(i).").

Second, even if section 1252(a)(2)(B) did not bar her claim, this Court does not have the jurisdiction to review the purely legal question of whether USCIS erred by failing to consider Elhayboubi's eligibility under section 1255(i). Although 8 U.S.C. § 1252(a)(2)(D) allows "questions of law raised upon a petition for review" to be heard despite sections 1252(a)(2)(B)(i) and (ii), that claim must be heard by the "appropriate court of appeals." *See* 8 U.S.C. § 1252(a)(2)(D); *Nwauwa v. Holder*, No. 12 C 2925, 2013 WL 842665, at *3 (N.D. Ill. Mar. 6, 2013). Therefore, such claims are manifestly inappropriate here.

Third, even assuming that USCIS should have considered Elhayboubi's eligibility under section 1255(i), the Seventh Circuit has made plain that "'where an alien is denied relief as a matter of discretion, the inquiry into statutory eligibility is pretermitted.'" *Malewski v. Holder*, 475 F. App'x 635, 637 (7th Cir. 2012) (citing *Patel v. INS*, 811 F.2d 377, 380 (7th Cir. 1987)); *see also Alsagladi v. Gonzales*, 450 F.3d 700, 701 (7th Cir. 2006) ("[W]hen an agency is entitled to deny relief as an exercise of discretion, it is always unnecessary and often inappropriate for a court to discuss the eligibility issue."). Elhayboubi points out that the Eleventh Circuit has come to a different conclusion. *See Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1144–45 (11th Cir. 2009) (per curiam) (holding, in case involving a Temporary

Protected Status application, that section 1252(a)(2)(B)(ii) does not preclude the district court from reviewing a petitioner's challenge to "non-discretionary, statutory eligibility decisions made by USCIS."). True enough, but that decision, though persuasive, is not controlling in this Circuit. In any event, *Mejia Rodriguez* would not help Elhayboubi to overcome the section 1252(a)(2)(B)(i) bar, as the court in that case considered an application under 8 U.S.C. § 1254, *see Mejia Rodriguez*, 562 F.3d at 1143, a provision that is not among those barred by section 1252(a)(2)(B)(i), *see* 8 U.S.C. § 1252(a)(2)(B)(i).

In sum, under 8 U.S.C. § 1252(a)(2)(B)(i) and (ii), the Court lacks jurisdiction to review Elhayboubi's 2016 application for adjustment of status. *See Bultasa Buddhist Temple of Chicago*, 878 F.3d at 573; *Nwauwa*, 2013 WL 842665, at *3; *Ogbolumani*, 523 F. Supp. 2d at 871.[3]

## B.  Claim for relief under the APA

Elhayboubi also claims that the Court may overcome sections 1252(a)(2)(B)(i) and (ii) because it may exercise jurisdiction under the Administrative Procedure Act. However, APA jurisdiction does not extend to instances where the challenged action was "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Therefore, Elhayboubi "cannot avoid the jurisdictional bar established by 8 U.S.C. § 1252 simply by raising a claim under . . . the APA." *See Bultasa Buddhist Temple of Chicago*, 878 F.3d at 574.

The Supreme Court's decision in *INS v. Yang*, 519 U.S. 26 (1996), which

---

[3] To the extent Elhayboubi argues that the Court has jurisdiction to review USCIS's failure to determine her statutory eligibility under section 1255(a), that argument lacks merit for the same reasons as discussed for section 1255(i).

Elhayboubi cites in her complaint, does not command a different result.  In *Yang*, the Supreme Court opined that "though the agency's discretion is unfettered at the outset, if it announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed, an irrational departure from that policy . . . could constitute action that must be overturned as 'arbitrary, capricious, or an abuse of discretion' within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)."  *Id.* at 32 (alterations accepted).  The quoted language is not helpful here. First, it is dicta, as *Yang* did not involve an "irrational departure" from an agency's policy.  *See id; see also Struniak v. Lynch*, 159 F. Supp. 3d 643, 652 (E.D. Va. 2016) (describing the quoted language as "dicta because in *Yang* there was no 'irrational departure' from agency policy").

Second, the discussion in *Yang* is distinguishable.  In the quoted passage, the Supreme Court seems concerned with "a situation in which an agency irrationally deviates from a substantive policy designed to guide the exercise of discretion." *Struniak*, 159 F. Supp. 3d at 652; *see also Yang*, 519 U.S. at 31–32.  That concern makes sense given that policy at issue in *Yang* was the agency's substantive policy to disregard entry fraud or misrepresentation, no matter how egregious, when deciding whether to grant a discretionary waiver of deportation. *See Yang*, 519 U.S. at 31–32. Here, however, Elhayboubi's concern is not USCIS's deviation from substantive policy but rather its weighing of the factors it considered in adjudicating her application.  *See* Am. Compl. ¶¶ 28, 29. "[T]o say that the USCIS improperly weighed evidence is to say that the USCIS abused its discretion to review the evidence, but an abuse of discretion *remains an exercise of discretion all the same.*"  *Struniak*, 159 F. Supp. 3d at 652

(emphasis added).  Because the decision here involved an exercise of discretion, it is still shielded from review by section 1252(a)(2)(B)(ii), not to mention section 1252(a)(2)(B)(i).[4]  *See id.*

Lastly, *Yang* was argued and decided before section 1252(a)(2)(B) took effect. *See Yang*, U.S. at 29 n.1 (noting that the Supreme Court's jurisdiction was "not in question" because section 1252(a)(2)(B)(ii), enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRA), would not take effect until 1997).  So, whatever little weight the dicta from *Yang* has here is even further diminished by the fact it was written before section 1252(a)(2)(B) had even taken effect and been considered.

In sum, section 1252(a)(2)(B) shuts the door on Elhayboubi's claim, and asserting a claim under the APA does not force that door open.  *See Bultasa Buddhist Temple of Chicago*, 878 F.3d at 574.

### Conclusion

For the reasons stated above, the Court grants the defendants' motion to dismiss [dkt. no. 16] and directs the Clerk to enter judgment dismissing this case for lack of subject matter jurisdiction.

MATTHEW F. KENNELLY
United States District Judge

Date:  March 8, 2020

---

[4] In *Yang,* the agency "maintained that [the] respondent was deportable under 8 U.S.C. § 1251(a)(1)(A)."  *Yang*, 519 U.S. at 28.  Section 1251 is not among the sections barred from judicial review by section 1252(a)(2)(B)(i).  Thus even if the dicta from *Yang* were applicable, it would not provide a basis to overcome the bar imposed by section 1252(a)(2)(B)(i).